UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 2 7 2008

DAVID J. MALAND, CLERK
BY
DEPUTY _____

| | |
|---|---|
| Fernando Gonzalez-Estrella; Porfirio Martinez-Tellez; Jose Montoya-Pena; Hernan Gabriel Garcia Pena; and Jesus Gonzalez-Olmos, <br><br> Plaintiffs, <br><br> v. <br><br> Jose Luis Garcia; Star Forestry, Inc.; Earl Roy; Earl Roy Sweet Potato Co., L.L.C.; Earl Roy Trucking, L.L.C.; and Earl Roy Watermelon Co., L.L.C., <br><br> Defendants. | Civil Action No. <br><br> 9:08cv204 RC1 <br><br> **ORIGINAL COMPLAINT** |

## PRELIMINARY STATEMENT

1. This is an action for unpaid minimum wages, violations of the Fair Labor Standards Act ("FLSA"), the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), and, and contract damages, brought by five Mexican H-2B forestry guestworkers who were employed by Defendants in sweet potatoes in Louisiana in 2006. Plaintiffs seek money damages to redress these violations of law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b)(FLSA), 29 U.S.C. § 1854 (a)(AWPA); 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1337 (interstate commerce); and 28 U.S.C. § 1367 (supplemental jurisdiction).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1854(a).

4. Declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

5. Each Plaintiff is a citizen of Mexico who, at all times relevant herein, was lawfully admitted to the United States on a temporary H-2B work visa pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b). Plaintiffs are migrant agricultural workers as defined by AWPA, 29 U.S.C. §§ 1802(8)(A).

6. Defendant Jose Luis Garcia is a natural person who is a farm labor contractor that owns and operates Star Forestry, Inc., a Texas corporation with its principal place of business in Timpson, Texas. Defendants are farm labor contractors and/or agricultural employers, engaged in farm labor contracting activity providing agricultural employment, as defined by the AWPA, 29 U.S.C. §§ 1802(2), (3) and (5)-(7).

7. Defendant Earl Roy is a natural person who owns and operates Earl Roy Sweet Potato Co., L.L.C.; Earl Roy Trucking, L.L.C.; and Earl Roy Watermelon Co., L.L.C., all limited liability companies with their principle place of business in Hessmer, Louisiana. Defendants are agricultural employers, as defined by AWPA, 29 U.S.C. §§ 1802(2), (3), (5) and (6).

## FACTS

8. In order to acquire H-2B guestworkers, Defendant Garcia submitted a Form 750A with the minimum job terms and conditions to the U.S. Department of Labor for approval.

9. The terms of the work contracts under which Plaintiffs were employed were determined by Defendants and controlled, in part, by federal law.

10. Specifically, Plaintiffs' work contracts offered, among other things, the following terms of work:

    a. Wages equal to the higher of the minimum wage, or the prevailing wage rate;

    b. The job terms and conditions stated on Form ETA 750A, including wages, hours per week, work period, job description, job location, joint employers, and other terms and conditions;

    c. The requirement that Defendant comply with all applicable federal, state, and local employment-related laws.

11. Defendant Garcia recruited Plaintiffs on or about October 2006 in Michoacan, Mexico to work as H-2B guestworkers in the United States from 2006 to 2007.

12. Defendant Garcia offered the following job terms to Plaintiffs:

    a. forestry work for;

    b. at least two to three (2-3) months;

    c. in Arkansas;

    d. for about $9.00 per hour,

    e. for eight (8) hours per day and six to seven (6-7) days per week.

13. During the course of Plaintiffs' employment, Defendants failed to provide the job terms and conditions offered in paragraphs 10 and 12.

14. To get to Timpson, Texas, Plaintiffs were required to pay various fees and expenses, including, but not limited to, visa and recruitment fees and transportation expenses from their home towns in Mexico to Timpson, Texas where they met Defendant Garcia.

15. On October 30, 2006, Plaintiffs crossed the border into Texas and traveled to Timpson, Texas where they arrived at the home of Defendant Garcia. Plaintiffs were then taken to Defendant Earl Roy's sweet potato farm in Hessmer, Louisiana, where they arrived the same day.

16. Defendants did not pay for or reimburse Plaintiffs for the full amount of the expenses described in paragraph 14 during their first workweek.

17. Defendants did not take the expenses set forth in paragraph 14 into account in determining whether Plaintiffs earned at least the minimum wage during their first workweek.

18. The expenses described in paragraph 14 were incurred primarily for the benefit of Defendant as Plaintiffs' employer.

19. The expenses set forth in paragraph 14 operated as de facto deductions from Plaintiffs' wages, causing them to earn less than the minimum wage during their first workweek.

20. On October 31, 2006, Plaintiffs began work at Defendant Earl Roy's sweet potato farm.

21. While working for Defendants, Plaintiffs were engaged in the production of goods for interstate commerce as defined in the FLSA.

22. Plaintiffs were employed by Defendants for purposes of FLSA.

23. Defendants paid Plaintiffs at wages below legal levels for all hours worked.

24. Defendants housed Plaintiffs in substandard housing.

25. Plaintiffs worked about three weeks for Defendants.

26. When Plaintiffs complained about the substandard wages and housing, Defendant Garcia demanded money from them and threatened to have them deported.

27. Defendant Garcia also threatened Plaintiffs' family members in Mexico.

28. All actions alleged herein were undertaken by Defendants either directly and/or through their agents.

29. Plaintiffs attempted to settle their claims without resorting to litigation.

## FIRST CAUSE OF ACTION—FAIR LABOR STANDARS ACT

30. By failing to pay Plaintiffs the minimum wage in each work week, Defendants willfully violated Plaintiffs' rights under the FLSA, 29 U.S.C. § 206, for which Plaintiffs are entitled to relief pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION—BREACH OF CONTRACT

31. The above-described facts constitute a breach of contract by Defendants for which Plaintiffs are entitled to relief under the laws of the State of Texas and/or Louisiana.

## THIRD CAUSE OF ACTION—AGRICULTURAL WORKER PROTECTION ACT

32. Defendants intentionally violated the rights of Plaintiffs under the AWPA by, among other things:

   a. failing to disclose with specificity in writing the terms and conditions of employment contrary to 29 U.S.C. § 1821(a);

   b. providing false or misleading information about the terms, conditions, or existence of agricultural employment contrary to 29 U.S.C. § 1821(f);

   c. failing to pay all wages owed when due by not paying at the prevailing wage rate on the job order contrary to 29 U.S.C. § 1822(a);

   d. violating the terms of the working arrangement by not providing Plaintiffs employment as required by the H-2B program contrary to AWPA, 29 U.S.C. § 1822(c);

   e. failing to disclose the terms, conditions, and occupancy of employer-provided housing contrary to 29 U.S.C. § 1821(c);

   f. failing to assure housing complied with applicable substantive Federal and State safety and health standards contrary to 29 U.S.C. § 1823(a);

   g. failing to have housing inspected by pertinent authorities contrary to 29 U.S.C. § 1823(b);

   h. failing to disclose whether state workers' compensation insurance was provided contrary to 29 U.S.C. § 1821(a)(8).

    i.   on information and belief, failing to obtain authority to engage in all the farm labor activities undertaken, i.e., housing, contrary to 29 U.S.C. § 1812; and

    j.   retaliating against Plaintiffs contrary to 29 U.S.C. § 1855 (a).

## PRAYER FOR RELIEF

33.   Plaintiffs pray that this Court:

    a.   Declares that Defendants violated Plaintiffs' statutory and common law rights;

    b.   Grants judgment in favor of Plaintiffs on their FLSA claims as set forth in their First Cause of Action and awards them their unpaid minimum wages and an equal amount in liquidated damages;

    c.   Grants judgment in favor of Plaintiffs on their contract claims as set forth in their Second Cause of Action and awards them their damages for Defendants' contractual breaches;

    d.   Grants judgment in favor of Plaintiffs on their AWPA claims as set forth in their Third Cause of Action and awards them actual damages, or $500 per violation of the AWPA, whichever is greater;

    e.   Awards Plaintiffs pre and post-judgment interest;

    f.   Awards Plaintiffs their costs; and

    g.   Grants such other relief as this Court deems just and appropriate.

Respectfully submitted,

*[signature]*

Jake Wedemeyer
Texas Bar No. 24060806

Texas RioGrande Legal Aid, Inc.
P.O. Box 2001
542 E. Main Street
Eagle Pass TX 78853
Tel:   (830) 773-6151
Fax:  (830) 773-5806
jwedemeyer@trla.org

ATTORNEY FOR PLAINTIFFS