UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

|  |  |  |
|---|---|---|
| Fernando Gonzalez-Estrella; Porfirio Martinez-Tellez; Jose Montoya-Pena; Hernan Gabriel Garcia Pena; Jesus Gonzalez-Olmos; and Juan Luis Pina-Alcanter, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 9:08-CV-204(RC) |
| v. | ) ) ) | |
| Jose Luis Garcia; Star Forestry, Inc.; Earl Roy; and Earl Roy Farm of La., LLC., | ) ) ) ) | |
| Defendants. | ) ) | |

# PLAINTIFFS' FIRST AMENDED COMPLAINT

PRELIMINARY STATEMENT

1. This is an action for violations of the Fair Labor Standards Act ("FLSA"), the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), and contract damages brought by six Mexican H-2B guestworkers who were jointly employed by Defendants in sweet potatoes in Louisiana in 2006. Plaintiffs seek declaratory relief, and statutory and money damages, to redress these violations of law.

JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b)(FLSA); 29 U.S.C. § 1854 (a)(AWPA); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1337 (interstate commerce); and 28 U.S.C. § 1367 (supplemental jurisdiction).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1854(a).

4. Declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

5. Each Plaintiff is a citizen of Mexico who, at all times relevant to this action, was lawfully admitted to the United States on a temporary H-2B work visa pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b). Plaintiffs were "migrant agricultural workers" as defined by the AWPA, 29 U.S.C. § 1802(8)(A).

6. Defendant Jose Luis Garcia is a natural person who owns and operates Star Forestry, Inc., a Texas corporation with its principal place of business in Timpson, Texas. At all times relevant to this action, Defendants Jose Luis Garcia and Star Forestry, Inc. were "farm labor contractors" engaged in "farm labor contracting activities" as those terms are defined by the AWPA, 29 U.S.C. §§ 1802(6) and (7).

7. Defendant Earl Roy is a natural person who owns and operates Earl Roy Farm of La., LLC, a limited liability company with its principal place of business in Hessmer, Louisiana. At all times relevant to this action, Defendants Earl Roy and Earl Roy Farm of La., LLC were "agricultural employers" as defined by the AWPA, 29 U.S.C. § 1802(2).

## FACTS

8. In 2006, Defendants Star Forestry, Inc. and Jose Luis Garcia obtained H-2B temporary forestry worker visas from the U.S. government for Plaintiffs.

9. In order to acquire H-2B visas, Defendants Star Forestry and Jose Luis Garcia submitted a Form 750A with job terms and conditions to the U.S. Department of Labor (hereinafter "USDOL") for approval.

10. Defendants Star Forestry, Inc. and Jose Luis Garcia, by and through agents, including Ruben Duran Vega, solicited and recruited Plaintiffs for employment in or around October 2006 in Michoacan, Mexico to work as H-2B forestry guestworkers in the United States from 2006 to 2007.

11. Ruben Duran Vega did not have a Farm Labor Contractor Certificate of Registration or a Farm Labor Contractor Employee Certificate of Registration issued by the USDOL to engage in the farm labor contracting activities of soliciting and recruiting migrant agricultural workers.

12. Defendants Star Forestry, Inc. and Jose Luis Garcia failed to take reasonable steps to ensure that Ruben Duran Vega was properly registered as a Farm Labor Contractor or Farm Labor Contractor Employee with the USDOL.

13. Defendants Star Forestry, Inc. and Jose Luis Garcia offered, and Plaintiffs accepted, the following job terms: forestry work for at least two to three months, for about $9.00 per hour, working eight hours per day and six to seven days per week.

14. Defendants Star Forestry, Inc. and Jose Luis Garcia entered into working arrangements and contracts with Plaintiffs.

15. The terms of the working arrangements and work contracts under which Plaintiffs were employed were determined by Defendants Star Forestry, Inc. and Jose Luis Garcia and were controlled, in part, by federal law.

16. Specifically, Plaintiffs' working arrangements and work contracts offered, among other things, the following terms of work:

    a. Wages equal to the higher of the minimum wage or the prevailing wage rate;

b. The job terms and conditions stated on Form ETA 750A, including wages, hours per week, work period, job description, job location, joint employers, and other terms and conditions; and

c. The requirement that Defendants comply with all applicable federal, state, and local employment-related laws.

17. The employment offered by Defendants Star Forestry, Inc. and Jose Luis Garcia and accepted by the Plaintiffs required Plaintiffs to be absent overnight from their permanent place of residence.

18. Plaintiffs did not receive a written disclosure detailing the terms and conditions of their employment or a copy of the work contract when they were recruited or before they left their place of residence.

19. Defendants Star Forestry, Inc. and Jose Luis Garcia entered into an agreement with Defendants Earl Roy and Earl Roy Farm of La., LLC to provide workers to harvest sweet potatoes. The provision of such workers necessitated Defendants Star Forestry, Inc. and Jose Luis Garcia and their agents to engage in farm labor contracting activities.

20. Defendants Earl Roy and Earl Roy Farms of La., LLC failed to take reasonable steps to determine whether Defendants Star Forestry, Inc. and Jose Luis Garcia and their agents had certificates of registration issued by USDOL that authorized the farm labor contracting activities that they performed.

21. On or around October 30, 2006, Plaintiffs traveled to Timpson, Texas where they arrived at the home of Defendant Jose Luis Garcia. Defendant Jose Luis Garcia confiscated Plaintiffs' passports and Mexican voting documents upon arrival.

22. Plaintiffs were then taken to Defendant Earl Roy's sweet potato farm in Hessmer, Louisiana.

23. On or around October 31, 2006, Plaintiffs began work at the sweet potato farm owned and operated by Defendant Earl Roy. They worked there for approximately three weeks.

24. At all times relevant to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AWPA, 29 U.S.C. § 1802(5).

25. While working harvesting sweet potatoes in Louisiana, Plaintiffs were jointly employed by all Defendants for the purposes of the AWPA and the FLSA.

26. While working harvesting sweet potatoes in Louisiana, Plaintiffs were often transported to the fields by Defendant Earl Roy or other agents of Earl Roy Farm of La., LLC.

27. While working for Defendants, Plaintiffs were engaged in the production of goods for interstate commerce as defined in the FLSA.

28. Plaintiffs were "employed" by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e), and the AWPA, 29 U.S.C. § 1802(5) while harvesting sweet potatoes in Louisiana.

29. Plaintiffs were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e), while harvesting sweet potatoes in Louisiana.

30. Defendants provided Plaintiffs with housing in Louisiana during their period of employment in 2006.

31. Each Defendant owned and/or controlled the housing provided to Plaintiffs in Louisiana.

32. The housing provided to Plaintiffs was not adequately furnished to meet the needs of Plaintiffs. For instance, there were not enough beds and bedding for all Plaintiffs and there was no heat. The stove had only one working burner.

33. The housing provided to Plaintiffs was unsafe, substandard, and overcrowded. It was filthy, the roof leaked, and many of the doors and windows were broken or missing.

34. The housing provided to Plaintiffs failed to meet the minimum safety and health standards specified under the AWPA and under applicable local, state, and federal law.

35. At no time relevant to this action did Defendants post at the site of the housing a copy of the terms and conditions of the occupancy or provide Plaintiffs a copy of such terms and conditions.

36. The housing provided to Plaintiffs was not certified by an appropriate state or federal agency as meeting applicable health and safety standards. Nor was such a certification posted at the housing during Plaintiffs' occupancy.

37. At no time relevant to this action were Defendants Star Forestry, Inc. and Jose Luis Garcia certified by the USDOL to house migrant agricultural workers.

38. At no time relevant to this action did Defendants post in a conspicuous place a poster setting forth the rights and protections afforded migrant agricultural workers under the AWPA or the FLSA.

39. The promises and representations made to the Plaintiffs at the time of recruitment in Mexico by Defendants Star Forestry, Inc. and Jose Luis Garcia contained false and misleading information. For instance, Plaintiffs were promised but were never actually engaged in forestry labor, and the wages that Plaintiffs were promised were inflated.

40. Defendants Star Forestry, Inc. and Jose Luis Garcia violated without justification the working arrangements with Plaintiffs. For instance, Plaintiffs were never engaged in forestry labor, wages were far lower than promised, and Defendants failed to comply with all applicable state and federal laws.

41. During the course of Plaintiffs' employment, Defendants Star Forestry, Inc. and Jose Luis Garcia (1) placed Plaintiffs in work locations not authorized by the USDOL; (2) placed Plaintiffs with an employer not authorized by the USDOL; (3) assigned Plaintiffs' job tasks not authorized by the USDOL; and (4) failed to comply with material terms and conditions of employment offered to Plaintiffs in the clearance orders submitted to the USDOL.

42. During the course of Plaintiffs' employment, Defendants failed to properly record all hours worked by Plaintiffs.

43. Defendants Star Forestry, Inc. and Jose Luis Garcia failed to provide Defendants Earl Roy and Earl Roy Farm of La., LLC with copies of all records with respect to each worker they furnished.

44. Defendants failed to pay Plaintiffs for all hours worked and failed to pay wages owed when due, resulting in wages that fell below the contract rate and the minimum wage mandated by the FLSA.

45. Defendants did not provide Plaintiffs with itemized pay statements as required by the AWPA.

46. Plaintiffs complained several times to Defendants Star Forestry, Inc. and Jose Luis Garcia about the substandard housing and the unlawfully low wages, and asked for their passports and voting documents back so Plaintiffs could return to Mexico. Plaintiffs' made these

complaints directly to Defendant Jose Luis Garcia and through other agents of Defendant Star Forestry, Inc.

47. Defendant Jose Luis Garcia demanded cash payments from Plaintiffs in exchange for the return of Plaintiffs' passports and voting documents, and threatened to accuse them of stealing if they refused to pay. Plaintiffs refused to pay and left Defendants' employ out of fear.

48. Plaintiffs did not receive their final paycheck.

49. Plaintiffs secured the return of their passports and voting documents in mid-2007 through Ruben Duran Vega, agent of Defendants Star Forestry, Inc. and Jose Luis Garcia.

50. All actions alleged herein were undertaken by Defendants either directly and/or through their agents.

51. Prior to filing this lawsuit, Plaintiffs attempted to settle their claims without resorting to litigation.

FIRST CAUSE OF ACTION:
FAIR LABOR STANDARDS ACT

52. Paragraphs 1–51 are incorporated herein by reference.

53. All Defendants failed to pay Plaintiffs the minimum wage in each workweek, in violation of the FLSA, 29 U.S.C. § 206.

54. Defendants' violations of Plaintiffs' rights under the FLSA were willful.

55. As a consequence of Defendants' violations of their rights under the FLSA, Plaintiffs are entitled to their unpaid wages, plus an additional equal amount in liquidated damages, and costs of court, pursuant to 29 U.S.C. § 216(b).

SECOND CAUSE OF ACTION:
MIGRANT AND SEASONAL AGRICULTURAL WORKERS PROTECTION ACT

56. Paragraphs 1–55 are incorporated herein by reference.

57. Defendants Star Forestry, Inc. and Jose Luis Garcia intentionally violated Plaintiffs' rights under the AWPA by:

   a. Failing to provide required written disclosures at the time of workers' recruitment, 29 U.S.C. § 1821(a);

   b. Failing to post in a conspicuous place a poster provided by the appropriate authority setting forth the rights and protections afforded Plaintiffs by the AWPA, 28 U.S.C. § 1821(b);

   c. Failing to provide and post all disclosures required by 29 U.S.C. § 1821 (a)-(c) in Spanish, 29 U.S.C. § 1821(g);

   d. Hiring, employing, or using an unregistered individual to perform farm labor contracting activities, 29 U.S.C. § 1811(b);

   e. Using a farm labor contractor without taking reasonable steps to determine that the farm labor contractor possessed a certificate of registration and which authorized the activity for which the contractor was utilized, 29 U.S.C. § 1842;

   f. Engaging in farm labor contracting activities, specifically "housing," without first obtaining a certificate of registration authorizing such activities, 29 U.S.C. § 1811(a);

   g. Violating the terms of the working arrangement without justification, 29 U.S.C. § 1822(c);

   h. Knowingly providing false and misleading information to Plaintiffs, 29 U.S.C. § 1821(f);

   i. Failing to pay wages owed when due, 29 U.S.C. § 1822(a);

j.  Failing to keep accurate records of the number of hours worked and the basis on which wages were paid, 29 U.S.C. § 1821(d)(1);

k.  Failing to provide each worker with an itemized pay statement as required by the AWPA, 29 U.S.C. § 1821(d)(2);

l.  Failure to provide to the agricultural employer to whom migrant workers were furnished all records required to be retained under 29 U.S.C. § 1821(d)(1), 29U.S.C. § 1821(e);

m.  Failing to ensure that housing provided to Plaintiffs complied with federal and state safety and health standards, 29 U.S.C. § 1823(a);

n.  Failing to obtain and post certification from an appropriate authority that the housing complied with applicable substantive federal and state health and safety standards, 29 U.S.C. § 1823(b); and

o.  Failing to post at the housing site a statement showing the terms and conditions of occupancy, 29 U.S.C. § 1821(c).

58. Defendants Earl Roy and Earl Roy Farm of La., LLC intentionally violated Plaintiffs' rights under the AWPA by:

a.  Using a farm labor contractor without taking reasonable steps to determine that the farm labor contractor possessed a certificate of registration and which authorized the activity for which the contractor was utilized, 29 U.S.C. § 1842;

b.  Failing to pay wages owed when due, 29 U.S.C. § 1822(a);

c.  Failing to keep accurate records of the number of hours worked and the basis on which wages were paid, 29 U.S.C. § 1821(d)(1);

      d.      Failing to provide each worker with an itemized pay statement as required by the AWPA, 29 U.S.C. § 1821(d)(2);

      e.      Failing to ensure that housing provided to Plaintiffs complied with federal and state safety and health standards, 29 U.S.C. § 1823(a);

      f.      Failing to obtain and post certification from an appropriate authority that the housing complied with applicable substantive federal and state health and safety standards, 29 U.S.C. § 1823(b);

      g.      Failing to post at the housing site a statement showing the terms and conditions of occupancy, 29 U.S.C. § 1821(c);

      h.      Failing to post in a conspicuous place a poster provided by the appropriate authority setting forth the rights and protections afforded Plaintiffs by the AWPA, 28 U.S.C. § 1821(b); and

      i.      Failing to provide and post the disclosures required by 29 U.S.C. § 1821(b) and (c) in Spanish, 29 U.S.C. § 1821(g);

59. For each such violation of the AWPA, Plaintiffs are entitled to recover their actual damages or up to $500 in statutory damages.

### THIRD CAUSE OF ACTION: STATE CONTRACT LAW

60. Paragraphs 1–59 are incorporated herein by reference.

61. The above-described facts constitute a breach of contract by Defendants Star Forestry, Inc. and Jose Luis Garcia for which Plaintiffs are entitled to relief under the law of the State of Texas.

## PRAYER FOR RELIEF

WHEREFORE, the Farmworkers request that this Court grant them the following relief:

a. Enter judgment in favor of Plaintiffs as set forth in their First Cause of Action and award them declaratory and monetary relief in the amount of their unpaid minimum wages and an equal amount in liquidated damages;

b. Enter judgment in favor of Plaintiffs as set forth in their Second Cause of Action and award them declaratory and monetary relief in an amount equaling their actual damages or up to $500 in statutory damages per violation;

c. Enter judgment in favor of Plaintiffs on their contract claims as set forth in their Third Cause of Action and award them declaratory and appropriate monetary relief for Defendants' contractual breaches;

d. Award Plaintiffs prejudgment and postjudgment interest as allowed by law;

e. Award Plaintiffs their reasonable costs of court; and

f. Award Plaintiffs such other relief as this Court deems just and proper.

Respectfully Submitted,

  **/s/ Melody Fowler-Green**
Melody Fowler-Green
Texas Bar No. 24027315

  **/s/ Douglas L. Stevick**
Douglas L. Stevick
Texas Bar No. 00797498

SOUTHERN MIGRANT LEGAL SERVICES
A Project of Texas RioGrande Legal Aid, Inc.
311 Plus Park Boulevard, Suite 135
Nashville, Tennessee 37217

Telephone: 615.750.1200
Facsimile: 615.366.3349
Email: mfgreen@trla.org

ATTORNEYS FOR THE PLAINTIFFS

September 18, 2009

**Certificate of Service**

    I hereby certify that on this the 18th day of September, 2009, I caused a true and correct copy of the foregoing to be served upon the following counsel of record for Defendants via the Court's electronic filing system:

Travis Clardy
travis@clardy-law.com
CLARDY DAVIS & KNOWLES, LLP
209 E. Main St.
P.O. Box 635426
Nacogdoches, TX 75961

Linda Wills
linda.wills@wilsonelser.com
Claire Parsons
claire.parsons@wilsonelser.com
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
5847 San Felipe, Suite 2300
Houston, TX 77507-4033

                                                                                  /s/ **Melody Fowler-Green**
                                                                                  Melody Fowler-Green